## William V. Taylor *vs.* Joseph Wilson.

W., a purser in the navy, on the Boston station, deposited in the Phœnix Bank at Charlestown, the funds furnished to him by the government, and which it was his duty to disburse according to law, and drew a check on that bank, on the 30th of September 1842, in favor of T., a captain in the navy, payable to him or order, for the amount of his pay for the month of September, which was payable on the 1st of October, and enclosed it; in a letter directed to T., at Newport, (R. I.) where T. resided, and where it arrived in the evening of Saturday, October 1st: W. had previously sent to T., at Newport, in a letter, a blank receipt for his said pay, which T. had signed and returned to W. on the same 30th of September; and these transactions were according to a practice which the parties had adopted, every month, for more than a year next before, for the accommodation of T.: On Monday, October 3d, the check was cashed for T. by a bank in Newport, and was given by said bank to its messenger on Tuesday, the next day, to be carried on Wednesday, according to the usual course of said bank in transmitting its funds and securities, to a bank in Providence, to which bank it was carried accordingly, and was by that bank transmitted on Thursday, October 6th, to a bank in Boston, and was, on that day, presented at the Phœnix Bank for payment, and payment thereof was refused; said bank having suspended payment and

being insolvent on the morning of October 3d. : T. afterwards requested W. to give him back his receipt in exchange for the check, but W. declined so to do, and forwarded T.'s receipt to the treasury department, with his (W.'s) account for the month of September, wherein he had credited himself with the payment to T. *Held*, that the check was not in itself payment, and was not made such by any laches of T., and that W. was personally liable to T. for the amount thereof.

THIS action, which was assumpsit on the money counts, and on a check, was submitted to the court on the following agreed statement of facts :

"The plaintiff is a captain, and the defendant is a purser, in the navy of the United States. From the month of February 1841 to the month of October 1843, the defendant acted as purser on the Boston station, which includes the navy yard near Charlestown ; and, as such purser, received from time to time from the government, through the navy agent at Boston, by checks drawn on the Merchants' Bank in Boston, in part, and partly in treasury notes, public money, for the purpose of paying to the officers and seamen of the navy, belonging to said station, their monthly pay and allowance. On the 1st of October 1842, there became payable to the plaintiff, for his pay for the month of September preceding, as a captain in the navy on said station, the sum of $205·30. The plaintiff, during said month of September, and for more than a year previous, resided at Newport, in the State of Rhode Island ; and on the 30th of said September, the defendant received from him a letter, in these words : 'Sir : You will receive herewith my receipt in duplicate on account of pay for the current month. Your obedient servant, William V. Taylor.' This letter contained the receipts therein referred to, which had, before that time, been sent by the defendant to the plaintiff, for his signature. On the same 30th of September, and after the receipt of said letter, the defendant enclosed to the plaintiff a check, of which the following is a copy : 'September 30, 1842. Cashier of the Phœnix Bank, Charlestown. Pay to William V. Taylor, or order, two hundred and five $\frac{30}{100}$ dollars. Joseph Wilson, Purser of Navy Yard.' The check was enclosed in a letter to the plaintiff, which was deposited in the post office at Boston on the same day, and reached

Newport on the evening of Saturday, October 1st. The letter was as follows : ' Sir : Herewith I enclose you a check on the Phœnix Bank, Charlestown, for 205 dollars 30 cents, on account of pay for September. Your obedient servant, Joseph Wilson, per R. Calder, jr.'

" The practice, by the plaintiff, of transmitting his receipts and receiving checks on the Phœnix Bank, for his monthly pay, &c. was commenced in 1841 and continued for a year and upwards prior to the date of the check in question ; and it was done for his accommodation.

" On Tuesday, October 4th, the check was enclosed by the cashier of the Bank of Rhode Island at Newport, at which bank it had been previously cashed for the plaintiff, and was given to a messenger, to be carried to the Merchants' Bank at Providence, Rhode Island, in the usual manner of remitting its funds and securities, which was by the despatch of a messenger for that purpose on Wednesday of each week ; and said check was carried by the messenger of the Bank of Rhode Island to said Merchants' Bank, and was received at that bank, on Wednesday, October 5th. On that day, the cashier of that bank enclosed the check in a letter to the cashier of the Suffolk Bank at Boston, and the letter, with its enclosure, was received at said Suffolk Bank on the 6th of October, and said check was on that day presented at the Phœnix Bank, where payment was refused, and thereupon the same was duly protested, and notice given to the defendant, and the check was returned to the Bank of Rhode Island, where it was taken up, and, with the cost and charges of protest, paid by the plaintiff. The defendant's place of abode was Roxbury, and his office or place of business was the navy yard.

" At the time said check was drawn, there were and since have been funds in said Phœnix Bank, much more than sufficient to meet the payment of said check, which funds were deposited there by the defendant, and which were entered to his credit in this manner : ' Joseph Wilson, Purser, U. S. N.' Purser Todd, who preceded the defendant on the Boston station,

made the deposits of public moneys in the Phœnix Bank, for more than three years. The secretary of the treasury of the United States, under authority of an act of congress, (*St.* 1836, *c.* 115, § 1,) selected said bank as a deposit bank for the public moneys of the United States. The defendant, in 1841, soon after his arrival on the station, applied to Commodore Downs, who was then the commandant of the navy yard, to furnish him with a marine guard at his office in the yard, for the protection of the public moneys. This was declined by Commodore Downs, who gave his opinion to the defendant that they would be safer in the Phœnix Bank than in said purser's office. Said bank was in good credit on the 30th of September and 1st of October 1843, and said check would have been duly paid, if presented at the bank on either of those days. On the morning of October 3d said bank suspended payment, closed its doors, was then insolvent, and has never resumed business.

"In August 1841, the secretary of the treasury of the United States made an arrangement with the Merchants' Bank at Boston, by which that bank has since been a depository of the public moneys in Boston.

"On the 21st of February 1842, the defendant wrote a letter to the secretary of the navy, stating that he had, a few days before, written to the fourth auditor of the treasury department, requesting instructions with regard to the treasury notes received by the defendant for paying officers, seamen, and mechanics at the navy yard, and that said auditor had replied that he had no authority to give instructions on the subject. The defendant then stated, in said letter, that treasury notes were at one half per cent. discount, and that the banks would not receive them at par, unless there was sufficient interest upon them to pay the discount; that he (the defendant) had, as an accommodation, to pay the amount due to the mechanics, for the month of January 1842, obtained sufficient funds from the Phœnix Bank, on the treasury notes received from the navy agent, at par, to the amount of about $22,000, no interest being due on them; but that this was a

favor of which he had no right to expect a repetition; that he saw no way in which he could pay with treasury notes the amount that would become due to the officers and seamen for the month of February 1842, unless he should be authorized to sell them at the market price, or deposit them in some bank, on receiving them from the navy agent, that the bank might have the benefit of the interest until the payments should be made; and that he thought the Phœnix Bank would receive them at par, on this condition.  He therefore prayed the instructions of the secretary of the navy. On the 25th of said February, the said secretary replied, that he had no power to authorize any disposition of the notes for less than par, but wished the defendant to make any arrangement in his power, by which they might be made available at par.

"In October 1842, the defendant transmitted to the government his account for the preceding month, in which he credited himself with the amount of the plaintiff's pay for September, as having been paid by him to the plaintiff, but claimed a credit for the amount deposited in the Phœnix Bank, as aforesaid, which then remained in the bank.  This claim has not been allowed by the government, but the payment aforesaid was allowed.  Previously to the transmission or said accounts and the plaintiff's receipt aforesaid, the plaintiff addressed a letter to the defendant, in which he requested that his receipt might be returned to him by the defendant, in exchange for the check.  To this letter the defendant replied, that after mature reflection, and again consulting his legal counsellors, he had come to the conclusion that he could not give up the plaintiff's receipt, or exchange the check.

"Upon these facts, judgment is to be rendered for the plaintiff or defendant as the court shall order.  The parties agree that the court shall have power (if the agreement of parties can give it) to draw all such inferences as a jury could draw from the aforegoing facts."

This case was argued at the last March term.

*Aylwin,* for the plaintiff.  On the 1st of October 1842, the

defendant had public money enough to pay the plaintiff, and it was his duty to pay him. The check was not payment in itself, nor did the plaintiff make it so by laches. He received it on Saturday evening, and was not bound to transmit it forthwith to Charlestown. It was payable to order, and so far like an inland bill of exchange. Being payable on demand, and drawn on a bank, it was intended for circulation, and therefore each successive holder had a reasonable time (one day) to dispose of it. Bayley on Bills, (1st Amer. ed.) 138, 141. *Williams* v. *Smith,* 2 Barn. & Ald. 496. *Rickford* v. *Ridge,* 2 Campb. 537. *Camidge* v. *Allenby,* 6 Barn. & Cres. 373. *Mohawk Bank* v. *Broderick,* 10 Wend. 304. 3 Kent Com. (5th ed.) 104, *note. Matter of Brown,* 2 Story R. 511, 512.

This case is to be treated as if the transaction had been between private individuals. The defendant is not to be treated as a public officer. His act in drawing and forwarding the check, on the 30th of September, was not an official act, but a private transaction ; for the plaintiff's monthly pay was not due till the next day, and the defendant was forbidden by the United States *St.* 1823, *c.* 138, to advance any of the public money. ' See also U. S. *St.* 1841, *c.* 206. The money was not deposited by the defendant in the Phœnix Bank as the money of the United States, but was entered to his credit, with the designation of " purser," and he alone could draw for it. Before the check was drawn, the defendant had received treasury notes, as funds, from the navy agent, and had no authority, though he sought it, to put them into the Phœnix Bank. The secretary of the treasury had selected the Merchants' Bank for the deposit of the public moneys, and the acts of the heads of the departments are to be regarded as the act of the president of the United States. *Wilcox* v. *Jackson,* 13 Pet. 498. *U. States* v. *Eliason,* 16 Pet. 291.

*C. P. Curtis,* for the defendant. The check was drawn by the defendant in his public capacity, on funds put into his hands in that capacity, and he therefore is not held in his

individual capacity, unless it clearly appears that it was his intention to be personally responsible. *Macbeath* v. *Haldimand*, 1 T. R. 172. *Hodgson* v. *Dexter*, 1 Cranch, 345. *Brown* v. *Austin*, 1 Mass. 208. Story on Agency, §§ 302, 305. And the plaintiff has the burden of proving such intention. *Osborne* v. *Kerr*, 12 Wend. 179. *Fox* v. *Drake*, 8 Cow. 191. *Hite* v. *Goodman*, 1 Dev. & Bat. Eq. Rep. 364. Story on Agency, § 306.

But if the defendant is personally liable, he should be sued in an action upon the case for not being a public agent in the transaction, and not on the check. *Ballou* v. *Talbot*, 16 Mass. 461. *Hopkins* v. *Mehaffy*, 11 S. & R. 129.

If the acts of the heads of departments are the acts of the president, then the letter of the secretary of the navy to the defendant was the president's authority for the defendant to deposit the funds, which he received from the navy agent, in the Phœnix Bank. But if he had no right to deposit them there, then the United States could have claimed them from the bank.

It is not shown that the defendant was ever ordered to deposit his funds in the Merchants' Bank. In the absence of such orders, he was justified, as a trustee, in using ordinary care. 2 Story on Eq. § 1269.

The defendant is discharged, if ever liable, by the plaintiff's negligence as to the check. The plaintiff is to be treated as if the check had been delivered to him in Boston at the post office ; as it was for his benefit that it was forwarded to Newport. Delivery in the post office at Boston was delivery to the plaintiff there. *Munn* v. *Baldwin*, 6 Mass. 316. *M'Kinney* v. *Rhoads*, 5 Watts, 343. But if this be not so, yet there was negligence, even if regarded as an inland bill. *Down* v. *Halling*, 4 Barn. & Cres. 330. Story on Bills, §§ 471 – 474. Chit. on Bills, (8th Amer. ed.) 546, 547. Bailey on Bills, (2d Amer. ed.) 220, 221.

*Aylwin*, in reply. The facts of this case bring it within the decision in *Freeman* v. *Otis*, 9 Mass. 272, and make the defendant personally liable, even on the money counts. See also Story on Agency, §§ 302 – 304.

The letter of the secretary of the navy related only to treasury notes, and whatever else it warranted the defendant to do, it did not warrant his depositing money in the Phœnix Bank ; the Merchants' Bank being the depository of the public money.   The money was in the defendant's hands, and he was personally accountable for it, and bound to dispose of it according to law.

HUBBARD, J.   In this case, we do not consider the acts of courtesy between the parties, in forwarding receipts on the one part and checks on the other, as constituting such legal contract between them, that the plaintiff must be held, from that cause, to have received the check from the defendant in payment ; nor, on the other hand, that the defendant, from the mere fact of remitting the check was legally entitled to the plaintiff's receipt.   While we respect the courtesy which existed between them, we cannot give it effect as controlling the legal rights of either party.

We are of opinion that the remittance of the check to the plaintiff was not in itself payment of the demand.   A check is merely evidence of a debt due from the drawer.   Whether it shall operate as payment or not, depends on two facts ; *first,* that the drawer has funds to his credit in the bank upon which it is drawn ; and *second,* that the bank is solvent, or, in other words, pays its bills and the checks duly drawn upon it, on demand.   The receipt of a check, therefore, before presentment, if there is no laches on the part of the holder, is not payment of the debt for which it is delivered. But if the party receiving it is guilty of laches in presenting it, or in giving notice of non-payment, after presentment, and the bank in the mean time suspends payment, he thereby makes it his own, and it shall operate as payment of his debt ; the drawer having funds in the bank at the time of drawing the check, and not having withdrawn them.

In cases of checks, which bear a strong resemblance to bills of exchange, the party receiving one is not chargeable with laches, though he does not present it the day it is drawn.   He is under no legal obligation to run with it immediately to the

bank. A reasonable time is allowed for that purpose, and the next day is held to be such reasonable time.

In the present case, the check, though bearing date September 30th, was not received by the plaintiff till the evening of Saturday October 1st, and consequently could not have been presented by him before Monday the 3d; and if the plaintiff had been in Charlestown, and had received the check on the 1st, the day on which he was entitled to demand his pay, he would not have been obliged to present it before the 3d; on the morning of which day the bank suspended payment.

A check may be either payable to bearer or order. The payment to order does not change its distinctive character; and it may be payable at a future time. It differs from a bill of exchange in this, that it is drawn upon a bank, or on the house of a private banker, is payable on presentment, and the bank or banker is not entitled to days of grace upon it, although payable on some other day than its date. It may also be passed from hand to hand, and a reasonable time is allowed to each party receiving the same to present it for payment. *Rickford* v. *Ridge*, 2 Campb. 537. *Williams* v. *Smith*, 2 Barn. & Ald. 496. Story on Notes, § 489. 3 Kent Com. (5th ed.) 104, *note. Matter of Brown*, 2 Story R. 512.

The check in this case was payable to the plaintiff's order, was sent to him at Newport, and was by him negotiated on the 3d of October, at a bank in that town. The bank forwarded it, in the usual course of their business, and when it reached Boston it was presented for payment; and upon refusal, notice was immediately given to the drawer. In any view of the facts, therefore, the plaintiff is not chargeable with laches.

Again; the defendant alleges that he was a public officer, known as such by the plaintiff, and that he was acting in his public capacity, in the discharge of the plaintiff's claim, by the remitting of the check, and that whether the plaintiff is entitled to relief from the government or not, the defendant

is not personally responsible to him. In regard to the general principle of the law, as to the responsibility of public officers for contracts made in the conducting and management of their official duties, we have no doubt that they are not personally liable. But, after due consideration, we think the present case is not embraced within that rule, so that the defendant can justly avail himself of it in answer to the plaintiff's demand. The check was not payment, and the plaintiff was guilty of no laches in presenting it; the bank was insolvent, and the defendant had in fact received the plaintiff's receipt, for which, as it turned out, though without fault on either part, the plaintiff had received no consideration. Before the defendant sent on the receipt of the plaintiff to the department at Washington with which he accounted, and while the receipt was within his own control, the plaintiff gave him notice of the facts, and requested him to return his receipt and receive back the check. But the defendant, acting, it is admitted, in good faith, and under advice of counsel, refused the plaintiff's request, and sent on the receipt to the department, and claimed credit for the payment to the plaintiff, which payment was allowed him by the government. By this transaction, we are of opinion that the plaintiff's claim on the government was barred, and that his remedy is on the defendant. *Freeman* v. *Otis*, 9 Mass. 272. The claim is an equitable one, and we are not aware of any stringent rule of law to defeat it. The defendant, after notice, instead of retaining the receipt, and stating the facts to the department, varied his relations to the plaintiff, as a public agent, and claimed the remittance of his check as payment; *intending thereby to release himself from responsibility* to the amount of such check, and to make the plaintiff the petitioner to the government for relief. But we think he could not, as between himself and the plaintiff, claim an allowance by the government of payment to the plaintiff, without an actual payment to him; the plaintiff having been guilty of no laches.

5 *

Taylor *v.* Wilson.

A question has been raised and argued, whether the defendant was justified in depositing the government funds in the Phœnix Bank; and a correspondence with the department on the subject has been introduced into the case. But, from the view taken of the transactions between the parties, it is unnecessary to determine this question. It is sufficient to say, that if the money was rightfully deposited and kept there by the defendant, the government should bear the loss; but if the defendant went beyond the line of his duty, in using that bank as the place of his deposit, then it will be a subject for consideration, as between him and the government, whether he has not made the bank his debtor, and taken the responsibility of its solvency upon himself. But in this question we think the plaintiff is not called upon to participate, as the check sent to him was not a payment of his services, whether the deposit be considered as made by the government, through its authorized agent, or by the defendant in his private capacity; because the bank was insolvent when the check was available to the plaintiff.

We think, therefore, that the defendant, to whose credit the money remains in the bank, is the party to claim as the creditor of the bank, in behalf of the government, or in his own right; and if his act was justifiable, in making the deposit, (in regard to which we intend to raise no doubts,) then his claim upon the government is valid. But if not, then we think he must sustain the loss, rather than the plaintiff, as his relations to the bank were not changed by the mere remittance of the check, while the defendant's claim upon the government was discharged by the giving of his receipt, and the transmission of it by the defendant to the department.

*Judgment for the plaintiff.*